Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUIS MANUEL DE JESÚS CEPEDA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00069 | *Revisión* procedente de la Administración de Corrección, División de Remedios Administrativos<br><br>Civil Núm. GMA1000-505-24<br><br>Sobre: Respuesta |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

En esta ocasión debemos desestimar el recurso de revisión judicial epígrafe por los siguientes fundamentos. En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes del caso. Veamos.

**-I-**

El **6 de noviembre 2024** el Sr. Luis Manuel De Jesús Cepeda ("señor De Jesús Cepeda o recurrente") presentó una *Solicitud de Remedios Administrativos*,[1] a la cual el la División de Remedios Administrativos ("DRA") del Departamento de Corrección y Rehabilitación ("DCR"), le asignó el número GMA1000-505-24 y la codificó como P-16.[2] Entre otras cosas, el recurrente solicitó información sobre el proceso que realizaron los Técnicos Sociopenales a todos los confinados del Complejo Correccional Guayama 1000 para el incentivo del COVID-19. Alegó que el DCR le

---

[1] Anejo titulado *SOLICITUD REMEDIO ADM.* en la Entrada Núm. 1 del caso TA2025RA00069 en SUMACTA.
[2] *Íd.*

solicitó los primeros dos pagos de estímulo económico pese a que le habían informado de los tres pagos de los aprobados por el gobierno federal.

Tras varios trámites procesales, el DCR emitió la *Respuesta del Área Concernida/Superintendente* el **21 de febrero de 2025**.[3] Dicha respuesta le indicaba al señor De Jesús Cepeda que las gestiones para el pago del estímulo las debía realizar con un familiar, ya que al momento no había un proceso colaborativo entre el DCR y el Departamento de Hacienda ("Hacienda") que permitiera al DCR intervenir a su favor.

Inconforme, el **16 de abril de 2025** el señor De Jesús Cepeda presentó una *Solicitud de Reconsideración*,[4] e insistió en conocer si fue el único miembro de la población de la institución que recibió solo dos (2) pagos, y adujó que ello habría sido discriminatorio.

El **21 de mayo de 2025**, el DCR denegó la solicitud de reconsideración.[5]

Así, el **23 de junio de 2025** el señor De Jesús Cepeda compareció por derecho propio ante nos, mediante el escrito: *Moción Presentada por [D]erecho Propio sobre [R]evisión de Remedio Administrativo y [S]olicitud del [D]inero del [T]ercer [C]heque de los 1,400 dólares del Estímulo [E]conómico del [I]ncentivo del [COVID-]19*. Nos solicita la revisión de la denegatoria a su Solicitud de Reconsideración de la respuesta emitida por la DRA de la Solicitud de Remedios Administrativos GMA1000-505-24.

---

[3] Anejo 3 de la Entrada Núm. 1 del caso TA2025RA00069 en SUMACTA.
[4] Anejo 6 de la Entrada Núm. 1 del caso TA2025RA00069 en SUMACTA.
[5] Cabe señalar que el DCR en su *SOLICITUD DE DESESTIMACIÓN* adujo que modificó la respuesta mediante la *Respuesta de Reconsideración al Miembro de la Población Correccional*. Alegó que, le indicó al recurrente que había solicitado a Hacienda "investigar las razones por las cuales algunos miembros de la población correccional no han recibido el estímulo económico" sin que se le hubiese respondido aún.
Sin embargo, ninguna de las partes presentó la documentación que validara lo expuesto.

Por su parte, el DCR compareció representado por la Oficina del Procurador General de Puerto Rico el **13 de agosto de 2025** mediante una *SOLICITUD DE DESESTIMACIÓN.*

**-II-**

Es norma reiterada en nuestro ordenamiento, que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[6] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[7] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es **nula** en derecho, pues la ausencia de esta es insubsanable.[8]

El Tribunal Supremo de Puerto Rico ha sido enfático en que todo litigante tiene la obligación de observar rigurosamente los requisitos reglamentarios para perfeccionar los recursos que se presentan ante los tribunales. Ciertamente, entre las condiciones dispuestas para el perfeccionamiento de cualquier recurso se encuentra el pago de los aranceles de presentación, lo cual incluye el adherir los sellos de rentas internas.[9]

Por lo tanto, como requisito umbral para invocar la jurisdicción del foro apelativo, todo apelante debe pagar dichos aranceles y adherir los sellos a su recurso.[10] De omitirse la adhesión de dichos sellos a un documento judicial, el escrito es nulo e ineficaz.[11] Claro está, el Tribunal Supremo ha reconocido circunstancias en las que la omisión de los aranceles

---

[6] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[7] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[8] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[9] *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174, 188 (2007).
[10] *Íd.*
[11] *Íd.*, pág. 189.; *M-Care Compounding Pharmacy et als. v. Depto. de Salud et al.*, 186 DPR 159, 176 (2012).; Sec. 5 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada, conocida como *Ley de Aranceles de Puerto Rico*, 32 LPRA sec. 1481.

correspondientes no conlleva la sanción de nulidad, una de ellas siendo la indigencia o insolvencia económica.[12]

En lo que respecta a este caso, sabido es que en nuestro ordenamiento jurídico exige que cualquier persona que alegue indigencia para que se le exima del pago de aranceles debe cumplir con los requisitos de la Ley de Aranceles de Puerto Rico.[13] Así pues, para litigar como indigente, la persona tiene que acreditar, so pena de perjurio, su estado de indigencia, y luego obtener la aprobación del tribunal.[14] Es por ello, que la Regla 78 del Reglamento del Tribunal de Apelaciones permite a todo litigante indigente solicitar autorización al Tribunal de Apelaciones para litigar *in forma pauperis*.[15] No obstante, dicha Regla exige expresamente que, para poder litigar sin el pago de aranceles, el peticionario debe presentar dicha solicitud ante este Tribunal al comparecer por primera vez.[16] Si un litigante presenta un recurso sin incluir los sellos de rentas internas correspondientes y sin haber solicitado primeramente la autorización para litigar *in forma pauperis*, procede la desestimación del recurso.[17]

**-III-**

Es conocido que, como foro intermedio, tenemos la facultad para desestimar un recurso por falta de jurisdicción.[18] El señor De Jesús Cepeda no cumplió con varios requisitos reglamentarios para el perfeccionamiento de su recurso.

Primeramente, no canceló los derechos arancelarios aplicables ni solicitó la autorización para litigar *in forma pauperis*.

---

[12] *M-Care Compounding Pharmacy et als. v. Depto. De Salud et al.*, *supra.*
[13] 32 LPRA sec. 1482.
[14] *Íd.*
[15] *Gran Vista I v. Gutiérrez y otros*, *supra*, pág. 192.
[16] Regla 78 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 108 – 109, 215 DPR __ (2025).
[17] *Gran Vista I v. Gutiérrez y otros*, *supra*, pág. 194.
[18] Véase: Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).

En segundo lugar, no hizo señalamiento de error alguno, ni realizó planteamientos con fundamento legal.

En tercer lugar, este mismo asunto fue atendido por un Panel hermano el **10 de octubre de 2023** en la *Sentencia* emitida en el caso *KLRA202300472*.[19]

Nótese que la falta de jurisdicción se sitúa en que el señor De Jesús Cepeda no canceló los derechos arancelarios ni solicitó la autorización para litigar *in forma pauperis.* Tampoco realizó señalamiento de error alguno, ni discutió planteamientos con fundamento legal. A su vez, esta controversia fue atendida por este Tribunal de Apelaciones en la *Sentencia* emitida en el caso *KLRA202300472.* Estas razones nos impiden atender el presente recurso de revisión judicial. En consecuencia, procedemos a desestimarlo.

**-IV-**

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] Véase; *Sentencia* emitida el **10 de octubre de 2023** en el caso *LUIS MANUEL DE JESÚS CEPEDA v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN*, KLRA202300472. Además, el Procurador General nos señala la *Resolución* emitida el **20 de junio de 2025**, en caso *De Jesús Cepeda v. Dpto. de Corr. y Rehab.*, MC-2023-0103.